UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

___

| | |
|---|---|
| IN RE: | Chapter 11 |
| GULF FLEET HOLDINGS, INC., et al | No. 10-50713 |
| Debtors | (Jointly Administered w/Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723) |

___

| | |
|---|---|
| | ADVERSARY PROCEEDING |
| MICHAEL A. HILLMAN AND DARLENE HILLMAN | NO. 11-05006 |
| VERSUS | |
| H.I.G. CAPITAL, L.L.C., ET AL | |

___

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND
OR, ALTERNATIVELY, MOTION FOR ABSTENTION**

**NOW INTO COURT**, through undersigned counsel, come Michael A. Hillman and Darlene M. Hillman (collectively, the "Hillmans"), who respectfully submit this Memorandum in Support of their Motion to Remand or, Alternatively, Motion for Abstention ("Motion to Remand"), requesting this Court to issue an order remanding this matter to the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana. Remand is necessary because this

{N0442297 -}

Court lacks subject matter jurisdiction over the Hillmans' state law claims at issue in this case. Alternatively, even if this Court determines that this matter is a "core" proceeding over which it has jurisdiction or a "non-core" proceeding over which it has discretionary jurisdiction, equitable considerations mandate that this Court abstain from hearing the Hillmans' Lawsuit.

## BACKGROUND

The Hillmans commenced this litigation (the "Hillmans' Lawsuit") on October 8, 2010 in the Fifteenth Judicial District Court for the Parish of Lafayette, State of Louisiana (the "State Court"), asserting various Louisiana state law claims and causes of action against HIG Capital, LLC ("HIG"), Michael Prejean, an officer of HIG affiliate Gulf Fleet Holdings, Inc. ("GFH") ("Prejean"), Jonathan Fox, an employee of HIG and an officer and director of GFH ("Fox"), Jeff Zanarini, a director of HIG and an officer and director of GFH ("Zanarini"), Tony Tamer, a managing partner of HIG and an officer and director of GFH ("Tamer"), Douglas Berman, a director of HIG ("Berman") and Richard Currence, Jr., an officer of GFH ("Currence") (HIG, Prejean, Fox, Zanarini, Tamer, Berman and Currence collectively, the "Defendants").[1]

Specifically, in connection with HIG's solicitation and acquisition of the majority interest in GFH, the Hillmans, who remain minority shareholders in GFH, contend that the Defendants engaged in certain wrongful and negligent acts and/or omissions including, but not limited to, making certain material misrepresentations to the Hillmans, on which the Hillmans relied, engaged in fraudulent conduct and further breached their respective fiduciary duties to the Hillmans, all of which caused the Hillmans to sustain, and to continue to sustain, significant monetary damages. See generally the Hillmans' Petition for Damages, a copy of which was

---

[1] While Prejean is not listed as a represented party in the Notice of Removal, Footnote 1 of the Notice of Removal expressly states that Prejean consents to the removal of the Hillmans' Lawsuit, which forms the basis for the instant Motion to Remand and, as such, is included in the definition of "Defendants". To the extent Prejean is not represented herein, the Hillmans expressly reserve their rights to proceed and assert any and all rights and/or causes of action against Prejean, as those rights and causes of action are more fully set forth in the Hillmans' Lawsuit.

attached to the Defendants' Notice of Removal and is, thus, already a part of this Court's record; see also Noe v. Roussel, 310 So. 2d 806, 816-17 (La. 1975) (recognizing that La. Rev. Stat. 12:91 expressly provides that corporate officers and directors owe fiduciary duties and obligations to *all* shareholders).

In response to the claims and causes of action set forth in the Hillmans' Lawsuit, the Defendants filed a Notice of Removal with this Court, asserting that this Court has subject matter jurisdiction over the Hillmans' Lawsuit as it purportedly arises in or under, or is related to, the bankruptcy proceeding voluntarily instituted under Chapter 11 of Title 11 of the United States Code by the Debtors, GFH, Gulf Ocean Marine Services, LLC, Gulf Fleet Offshore, LLC, Gulf Fleet Management, LLC, Gulf Fleet Marine, Inc., Gulf Fleet, LLC, Hercules Marine, LLC, Gulf Worker, LLC, Gulf Service, LLC, Gulf Wind, LLC and Star Marine, LLC (collectively, the "Debtors"), on May 14, 2010 in this district (the "Bankruptcy Proceeding"). Contrary to the Defendants' assertions, the Hillmans' Lawsuit is separate and distinct from this Bankruptcy Proceeding, is exclusively based on Louisiana state law causes of action which neither arise under or in the Bankruptcy Proceeding nor are such causes of action related to the Bankruptcy Proceeding. As such, the Hillmans' Lawsuit must be remanded to the State Court.

## LAW AND ARGUMENT

A. **Removal of the Hillmans' Lawsuit is not appropriate pursuant to 28 U.S.C. § 1452 as this Court does not have bankruptcy subject matter jurisdiction over the removed claims or causes of action under 28 U.S.C. § 1334.**

Bankruptcy subject matter jurisdiction exists as to civil proceedings that are (1) under Title 11, (2) that "arise under" cases governed by Title 11, (3) that "arise in" cases governed by Title 11 or (4) that are "related to" cases governed by Title 11. 28 U.S.C. §1334(a) and (b); In re Brooks Mays Music Co., 363 B.R. 801, 807 (Bankr. N.D.Tex. 2007); see also Patterson v.

Morris, 337 B.R. 82, 89-90 (E.D.La. 2006). Specifically, section 1334 provides that "the district courts shall have original and exclusive jurisdiction of all cases under title 11" and, furthermore, that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a) and (b), respectively. In their Notice of Removal, Defendants claim that this Court has jurisdiction over the Hillmans' Lawsuit pursuant to 28 U.S.C. §§ 157 and 1334(a) as an action that arises under Title 11 or arises in or is related to the Bankruptcy Proceeding and that, as such, the Hillmans' Lawsuit may be removed to this Court pursuant to 28 U.S.C. §§ 1452 and 1334, and Fed. Rule Bankr. Proc. Rule 9027. Contrary to Defendants' claims, removal is improper because this Court does not have subject matter jurisdiction over the claims asserted in the Hillmans' Lawsuit. Accordingly, the Hillmans' Lawsuit must be remanded to the State Court. See 28 U.S.C. § 1447(c) (governing remand when the court lacks subject matter jurisdiction) and 28 U.S.C. § 1452(b) (permitting remand in the bankruptcy context on any equitable ground); see also Terral v. SCH Management Solutions, Inc., No. 04-1545, 2004 WL 2115486, at *4 (E.D.La. 2004) (citing Things Remembered v. Petrarca, 516 U.S. 124, 159 (1995) for the well-settled law that §§ 1447(c) and 1452(b) coexist in the bankruptcy context, and a court that remands a case that has been removed pursuant to § 1334 must give effect to both statutes).

      To begin, the Hillmans' Lawsuit is not a proceeding under Title 11. By definition, a case "under title 11" means the bankruptcy filing itself. Hohl v. Bastian, 279 B.R. 165, 171 (W.D.Penn. 2002). As set forth previously, the Debtors instituted the Bankruptcy Proceeding on May 14, 2010 with the filing of the voluntary petition for relief in this district under Chapter 11 of Title 11 of the United States Code. This filing is separate and distinct from the Hillmans' Lawsuit.

With respect to proceedings other than the bankruptcy petition itself, 28 U.S.C. § 157 divides the proceedings over which a court may have bankruptcy jurisdiction into two categories: core proceedings and non-core proceedings. Wood v. Wood (In the Matter of Wood), 825 F.2d 90, 95 (5th Cir. 1987). In determining core status, a court must look to both the form and substance of the proceeding at issue. Id. Section 157(b)(1) provides bankruptcy judges with the power to enter all appropriate orders and judgments with regard to all cases under title 11 and "all core proceedings arising under title 11, or arising in a case under title 11". Section 157(b) does not define "core proceedings" but sets forth a non-exhaustive list of examples of proceedings that may qualify as "core proceedings". See 28 U.S.C. § 157(b)(2). Notwithstanding this non-exhaustive list, federal jurisprudence dictates that a civil proceeding qualifies as a core proceeding that "arises under" the Bankruptcy Code if "federal [bankruptcy] law creates the cause of action or…the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law, like an action by the trustee to avoid a preference. Hohl, 279 B.R. at 171-72; In the Matter of Wood, 825 F.2d at 97. Core proceedings that "arise in" a bankruptcy case are those that "are not based on any right expressly created by [the Bankruptcy Code], but nevertheless would have no existence outside of the bankruptcy. Hohl, 279 B.R. at 172.

The Hillmans' Lawsuit is not a core proceeding as it is not based on any right created by federal bankruptcy law nor is the Hillmans' right to relief dependent upon the resolution of any question of federal bankruptcy law.[2] Rather, the Hillmans' Lawsuit solely invokes private rights

---

[2] The Hillmans acknowledge that they did not file a pleading denying that the Hillmans' Lawsuit is a core proceeding as per Fed. Rule Bankr. Proc. Rule 9027(e)(3); however, the jurisprudence unequivocally holds that such failure does not constitute a waiver of that argument since no party was prejudiced by the Hillmans' failure to file the aforesaid pleading, and the instant Motion to Remand, in which the Hillmans specifically object to the characterization of the Hillmans' Lawsuit as a "core proceeding" is timely filed in accordance with federal bankruptcy procedure. See Barge v. Western Southern Life Ins. Co., et al., 307 B.R. 541, 545 (S.D.W.Va. 2004) (finding no waiver when the plaintiff filed a motion to remand within 30 days after the notice of removal, and

created by Louisiana state law.  See In the Matter of Wood, 825 F.2d at 97-98 (differentiating between a claim against the bankruptcy estate, i.e., dischargeability or allowance of a claim, and a right under state law and finding that since the matter at issue fell under the latter category, it was not a core proceeding).

Notwithstanding the qualification of a particular proceeding as a core proceeding, Section 157(c) provides that a bankruptcy judge may also hear a proceeding if it is "otherwise related to a case under title 11", i.e., a "non-core" proceeding.  See 28 U.S.C. § 157(c)(1).  The "related to" category of proceedings is "quite broad and includes proceedings in which the outcome could have an effect on the estate being administered." Telluride Asset Resolution, LLC v. Telluride Global Development, LLC (In re Telluride Income Growth, LP), 364 B.R. 390, 398 (Bankr. App. 10th Cir. 2007); see also Hohl, 279 B.R. at 172 (finding that the "related to" language "is intended to force proceedings that would ordinarily be stand-alone lawsuits into the bankruptcy court so that all claims by and against the debtor can be decided in the same forum).  However, the "related to" category is not so broad as to encompass litigation of federal or state law claims that will not have an effect on the bankruptcy estate simply because one of the litigants filed a petition in bankruptcy.  See Bank of America, N.A. et al. v. Brennan Title Co., et al. (In re Donoho), 402 B.R. 687, 694 (Bankr. E.D. Va. 2009).  Moreover, "the mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section [1334(b)]." I.G. Davis v. The Merv Griffin Co., 128 B.R. 78, 97 (D.N.J. 1991).

Applying these principles to this matter, the Hillmans' Lawsuit does not qualify as a non-core proceeding as it is not sufficiently related to the Bankruptcy Proceeding to justify a finding

---

specifically contested the defendants' allegation that the underlying state cases were core to the bankruptcy proceedings, especially in light of the fact that Fed. Rule Bankr. Proc. Rule 9027(e)(3) prescribes no penalty for failure to comply therewith and defendants did not show any prejudice resulted from said failure).

that this Court should exercise its discretionary jurisdiction over the claims set forth therein. The Hillmans are not trustees or debtors of the bankruptcy estate. More importantly, none of the Defendants is a Debtor in the Bankruptcy Proceeding. Moreover, the Hillmans do not seek any form of relief that would have any effect on the Debtors or the bankruptcy estate. In fact, the Hillmans' Lawsuit does not involve any property that is titled in any of the Debtors or in which any of the Debtors have any interest. Further, the Hillmans' Lawsuit does not seek to put at issue any claim or dispute that will raise issues of bankruptcy law or otherwise affect the administration of the bankruptcy estate or the reorganization of the Debtors. Rather, the Hillmans' Lawsuit is an action to establish liability of the Defendants and the Hillmans' rights to be paid for the damages claimed by them as a result of the Defendants' breach of duty, negligence, reckless and fraudulent conduct. See Chambers v. Marathon Home Loans (In re Marathon Home Loans), 96 B.R. 296, 300 (E.D.Ca. 1989) (finding that the claims at issue were independent of the bankruptcy, were between non-debtors and included traditional actions at common law that were governed by state law and could have been instituted in state court notwithstanding the bankruptcy proceedings all militated in favor of remanding the matter to state court).

The Hillmans' Lawsuit is neither a core proceeding nor a non-core proceeding. The Hillmans' Lawsuit asserts only Louisiana state law causes of action against Defendants, none of whom are Debtors in the Bankruptcy Proceeding. The State Court's adjudication of this matter will have no impact whatsoever on either the Debtors or the outcome of the Bankruptcy Proceeding. Because this Court lacks jurisdiction over the Hillmans' Lawsuit, this Court must remand the matter to the State Court in accordance with statutory and jurisprudential law.

B. **Even if this Court has bankruptcy jurisdiction over the Hillmans' Lawsuit, which the Hillmans expressly deny, this Court is required to mandatorily abstain or, alternatively, permissively abstain from exercising its jurisdiction over the state law claims that are at issue in this matter and remand this case to the State Court.**

Even if a court has bankruptcy jurisdiction over a particular proceeding, that court *must* abstain from hearing that proceeding when (1) that proceeding is based upon a state law claim or state law cause of action that may be related to a case under Title 11, but does not arise under or arise in a case under Title 11; (2) the proceeding could not have been commenced in federal court but for the bankruptcy; and (3) an action is commenced in state court of appropriate jurisdiction that can be timely adjudicated in that court. 28 U.S.C. § 1334(c)(2) (setting forth the statutory principles underlying mandatory abstention); see also Patterson, 337 B.R. at 92.

> Consequently, a district court must abstain from hearing state law claims if: (1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be adjudicated timely in state court.

Patterson, 337 B.R. at 92. Mandatory abstention applies only to non-core proceedings. Id. In this case, the Hillmans' Lawsuit meets the test for mandatory abstention. The Hillmans' Lawsuit states purely Louisiana state law claims that provide no independent basis for federal jurisdiction. Additionally, the Hillmans' Lawsuit was commenced in the State Court, and Defendants have offered no proof that the Hillmans' Lawsuit cannot be timely adjudicated by the State Court. It is, thus, mandatory that this Court abstain from hearing the Hillmans' Lawsuit and remand the matter to the State Court.

Even if this Court should determine that the mandatory abstention doctrine does not apply, equitable considerations and the permissive abstention doctrine mandate that this Court abstain from hearing this matter. Pursuant to the permissive abstention doctrine, a bankruptcy court *may* abstain from hearing a particular proceeding arising under Title 11, or arising in or

related to cases under Title 11, "in the interest of justice, or in the interest of comity with State courts or respect for State law[.]" 28 U.S.C. § 1334(c)(1). Similarly, the remand statute specifically provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable ground*." 28 U.S.C. § 1452(b) (emphasis supplied). Read together, sections 1334(c)(1) and 1452(b) "strongly evince a congressional policy that, absent countervailing circumstances, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of §1334 and the litigation can be timely completed in state court". Terral, 2004 WL 2115486, at *3 (further citing In re Chiodo, 88 B.R. 780, 785 (W.D.Tex. 1988) for the proposition that "abstention and remand of bankruptcy cases go hand-in-hand"); see also Patterson, 337 B.R. at 96 (citing In re Norrell, 198 B.R. 987, 998 (Bankr. N.D.Ala. 1996) and further noting that the circumstances that weigh in favor of discretionary or permissive abstention under § 1334(c) likewise weigh in favor of equitable remand under § 1452(b)).

In Browning v. Navarro, 743 F.2d 1069 (5th Cir. 1984), the Fifth Circuit identified several factors that a court may consider when determining whether to apply the permissive abstention/equitable remand doctrine:

> (1) forum non conveniens; (2) if the civil action has been bifurcated by removal, the entire action should be tried in the same court; (3) whether a state court is better able to respond to questions involving state law; (4) the expertise of a particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntary removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result.

The court in Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc. (In re Republic Reader's Service, Inc.), 81 B.R. 422, 429 (Bankr. S.D.Tex. 1987) also considered the following factors in determining whether equitable remand was appropriate:

> (1) the effect (or lack thereof) on the efficient administration of the bankruptcy estate if the matter is remanded; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden on the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

Of course, these factors are not exhaustive and a court may consider "any equitable ground" as a sufficient basis for remand, whether that basis is listed or not. Patterson, 337 B.R. at 97.

Applying the above factors to this matter, it is clear that equity demands that this Court abstain from adjudicating the Hillmans' Lawsuit, and should remand the matter to State Court. The Hillmans' Lawsuit solely involves issues of Louisiana state law, issues which a state court is better equipped to adjudicate consistently with prior state law jurisprudence. The State Court in this case would not be required to construe any bankruptcy issue, as the Hillmans' Lawsuit is not based on any tenet of federal bankruptcy law and does not set forth any federal jurisdictional basis. Moreover, as the Hillmans' Lawsuit only involves state law claims, and the litigants are non-debtors, the adjudication of the Hillmans' Lawsuit in the State Court will not have any effect on the efficient administration of the bankruptcy estate. See Lennar Corp. v. Briarwood Capital, L.L.C., 430 B.R. 253, 268 (Bankr. S.D.Fla. 2010) (finding that in a case with solely state law issues, there is no reason to try the matter in federal court). Thus, in the interest of comity, this Court should permit the State Court to construe and apply its own laws. See Thomasson v. Amsouth Bank, N.A., 59 B.R. 997, 1010 (N.D.Ala. – Southern Division 1986) (finding that the

matter before it should be remanded on equitable grounds including, but not limited to, furthering the congressional purpose favoring comity with State courts and respect for State law). Additionally, the Hillmans would be unfairly prejudiced should this Court permit the Hillmans' Lawsuit to remain in this Court as the Hillmans chose to file suit in the district in which they reside and in which all the causes of action arose or took place. And, the Hillmans specifically requested, and are entitled to, a jury trial in their chosen forum. See 28 U.S.C. § 157(e) (providing that a bankruptcy court cannot conduct a jury trial without the express consent of all of the parties). Finally, there is no evidence or indication that the Hillmans' Lawsuit would be resolved more quickly in this Court, rather than in the State Court. Considering the foregoing, there is simply no federal bankruptcy interest in burdening this Court's docket with the Hillmans' Lawsuit.

## CONCLUSION

As is amply demonstrated in this Motion to Remand, there are no valid grounds for the removal of the Hillmans' Lawsuit from the State Court to this Court. This Court lacks subject matter jurisdiction to adjudicate the claims at issue in the Hillmans' Lawsuit. Alternatively, the application of well-settled equitable considerations demands that this Court abstain from hearing the Hillmans' Lawsuit.

Accordingly, the Hillmans respectfully move this Court to issue an order remanding the Hillmans' Lawsuit to the State Court, and grant any and all other proper and equitable relief to which the Hillmans may be entitled.

Respectfully submitted,

   /s/ Timothy S. Madden
**HENRY A. KING (#7393)**
**TIMOTHY S. MADDEN (#21733)**
**ROBERT J. STEFANI (#19248)**
**MONICA J. MANZELLA (#29965)**
**KING, KREBS & JURGENS, P.L.L.C.**
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170
Telephone: (504) 582-3800
Facsimile: (504) 582-1233
Email: hking@kingkrebs.com
       tmadden@kingkrebs.com
       rstefani@kingkrebs.com
       mmanzella@kingkrebs.com

*Attorneys for Michael A. Hillman and Darlene M. Hillman*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the Court's CMF/ECF system, and has been served electronically upon all counsel of record by operation of the Court's electronic filing system and by certified mail this 11th day of March, 2011 including:

**LABORDE & NEUNER**
Frank X. Neuner, Jr.
Brandon W. Letulier
Jed M. Mestayer
One Petroleum Center, Suite 200
1001 West Pinhook Road
Lafayette, LA 70503
Telephone: (337) 237-7000
Facsimile: (337) 233-9450

*Attorneys for Defendants, H.I.G. Capital, L.L.C., Douglas Berman, Jeff Zanarini, Jonathan Fox, Tony Tamer and Richard Currence, Jr.*

/s/ Timothy S. Madden
Timothy S. Madden