IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re:<br><br>GULF FLEET HOLDINGS, INC., et. al.,<br><br>    Debtors. | CASE NO. 10-50713<br><br>CHAPTER 11<br><br>(Jointly Administered w/ Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723, 10-5042) |
| MICHAEL A. HILLMAN, ET AL.<br><br>vs.<br><br>H.I.G. CAPITAL, LLC, H.I.G. GULF FLEET ACQUISITION, LLC, H.I.G. GP-II, INC., H.I.G. CAPITAL PARTNERS IV, L.P., H.I.G. ADVISORS IV, LLC., GULF FLEET TIGER HOLDINGS, INC., BRIGHTPOINT CAPITAL PARTNERS MASTER FUND, L.P., GULF FLEET TIGER ACQUISITION, LLC, GULF FLEET FINANCING, LLC, ANTHONY TAMER, JEFF ZANARINI, JONATHON FOX, AND STEADFAST INSURANCE COMPANY | ADVERSARY NO. 11-05006 |

**DEFENDANTS H.I.G. CAPITAL, LLC, H.I.G. GULF FLEET ACQUISITION, LLC, H.I.G. GP-II, INC., H.I.G. CAPITAL PARTNERS IV, L.P., H.I.G. ADVISORS IV, LLC., GULF FLEET TIGER HOLDINGS, INC., GULF FLEET TIGER ACQUISITION, LLC, GULF FLEET FINANCING, LLC, ANTHONY TAMER, JEFF ZANARINI, AND JONATHON FOX'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT-IN-INTERVENTION**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the above-named Defendants hereby submit their Reply in Support of Motion to Dismiss the Trustee's First Amended Complaint-in-Intervention (the "Motion").

## ARGUMENT

### I. THE TRUSTEE CONCEDES THAT HE HAS NOT ALLEGED SUFFICIENT FACTS TO SATISFY THE *TWOMBLY* PLEADING STANDARD.

The Trustee's 27-page Response contains only three citations to allegations in the Amended Complaint. Instead, much like the Amended Complaint itself, the Trustee's Response relies on conclusory rhetoric and sweeping accusations not directed at or attributed to any one defendant to claim that all defendants are liable for multiple torts arising from a litany of transactions. But the Trustee admits on several occasions – as he must – that he cannot provide sufficient detail to support his claims. (D.E. 85 ¶¶ 19, 41). And the Trustee further admits that "the Amended Complaint groups the Defendants together collectively." (*Id.* ¶ 5). As discussed in the Motion, each of these admitted failures is fatal to the entire Amended Complaint.

### II. COUNT 1 FAILS TO STATE A CLAIM FOR FRAUDULENT TRANSFER.

#### a. There Are No "Extraordinary Circumstances" that Exempt the Trustee's Claims From the Louisiana Statute of Limitations.

As all fraudulent transfer claims arising out of the LBO are barred by the applicable Louisiana statute of limitations, the Trustee argues that: (1) *Wimberley v. Gatch*, 635 So. 2d 206 (La. 1994), allows the Court to suspend the statute of limitations using principles of equity, and (2) under La. Civ. Code. Ann. art. 3549, the Court may utilize a foreign state's limitations period where "compelling considerations of remedial justice" exist. (D.E. 85 ¶¶ 8-9). The Trustee's

2

arguments both fail. First, *Wimberley* was decided in the extreme context of child abuse claims and has no application to the current business dispute. Second, in the twenty years since Article 3549 was enacted, only two courts have ever used it to invoke the limitations period of a foreign jurisdiction. *See Tigert v. Am. Airlines, Inc.*, 390 F. App'x. 357, 360 (5th Cir. 2010) (recognizing limited application of art. 3549). In contrast, every other court has determined that Article 3549 must be limited to "only the most extraordinary of circumstances." *Id.* (citations omitted). Here, the Trustee's allegations do not come anywhere close to satisfying such a standard, especially where there is no explanation as to why any of the creditors of Gulf Fleet could not assert their claims prior to Gulf Fleet's bankruptcy in May 2010.

### b. <u>Gulf Fleet Received a Net Benefit in the Gulf Tiger Transaction.</u>

As alleged in the Amended Complaint, Gulf Fleet received a net <u>benefit</u> of at least $3 million following the Gulf Tiger transaction and retained an option to repurchase the vessel should its value ever exceed the $8 million paid by Gulf Fleet Acquisition. (D.E. 76 at 6). In light of this obvious transfer of value, the Trustee argues only that "it is wholly inappropriate to consider the Defendant's assertions [and the Option Agreement] on a motion to dismiss." (D.E. 85 ¶¶ 13-14). But the face of the Amended Complaint itself shows the value transferred to Gulf Fleet (D.E. 54 ¶¶ 50-55), and the Option Agreement, which is part of the assignment agreement referenced in and central to the Trustee's Complaint, may be considered on a motion to dismiss. *See Maloney Gaming Mgmt. v. St. Tammany Parish*, 2011 WL 5903498, at *3 (5th Cir. November 23, 2011). Thus, the Trustee's arguments are without merit.

3

c.  **The Trustee Failed to Address the Defects in His Claims Related to the $4 Million Loan and the $2.9 Million Promissory Note.**

In the Response, the Trustee makes no attempt to address: (1) that Gulf Fleet's repayment of the $4 million loan allegedly received from Michael Hillman and "HIG" was a payment on account of an antecedent debt that cannot constitute a fraudulent transfer; and (2) that the Trustee alleges no facts to support his conclusion that the $2.9 million promissory note provided by Gulf Fleet was "made with the intent to hinder" creditors. (D.E. 85 ¶¶ 16-20). Instead, the Trustee resorts to conclusory statements not alleged in the Amended Complaint and flatly states that his "allegations are sufficient to state a claim...." (*Id.*) Once again, however, the Trustee cannot state a claim based on rhetoric alone.

d.  **The Trustee Cannot Allege Facts to State a Claim for Legal Fees and Business Expenses.**

The Trustee concedes that he "<u>cannot</u>" identify the legal fees and business expenses allegedly paid on "HIG's" behalf with any semblance of detail, but asks the Court to allow such information to "come through discovery." (D.E. 85 ¶¶ 19-20) (emphasis in original). While the Trustee would no doubt like an open invitation to go on a discovery fishing expedition, the law requires a plaintiff to know the bases of his claims <u>before</u> asserting them. *See Ill. Cent. R.R. Co. v. Cryogenic Transp., Inc.*, 2012 WL 2476810, at *1 (5th Cir. June 29, 2012) (dismissal is appropriate where a party "fails to allege facts supporting a plausible claim" or cannot "raise [its] right to relief above a speculative level"); *Dominguez-Gonzalez v. Clinton*, 454 F. App'x 287, 291 (5th Cir. Nov. 25, 2011) (affirming dismissal where plaintiff failed to assert sufficient facts supporting an element of his claim).

4

## III. COUNT 2 FAILS TO STATE A CLAIM FOR RECHARACTERIZATION.

In contrast to the Trustee's strained interpretations, the Fifth Circuit <u>has</u> expressly rejected the use of 11 U.S.C. § 105(a) for purposes of recharacterization. *See In re Lothian Oil, Inc.*, 650 F.3d 539, 542-44 (5th Cir. 2011). In *Lothian*, the Court held that because it is "unnecessary" for courts to "resort" to § 105(a) for recharacterization, the Fifth Circuit disagrees with the reasoning of those circuits that allow such a claim. *Id.* at 543. The Court further held that recharacterization is allowed only under 11 U.S.C. § 502(b) and must be pled under applicable state law. *Id.* The Trustee argues that such a holding fails to consider "prior Fifth Circuit case law recognizing equitable recharacterization." (D.E. 85 ¶ 23). But not one of the cases relied on by the Trustee is based on or even refers to 11 U.S.C. § 105 (a). (*Id.*). Thus, and for the additional reasons stated in the Motion, the Trustee fails to state a claim.

## IV. COUNT 3 FAILS TO STATE A CLAIM FOR SIMULATION.

A claim for simulation will not lie "if <u>any</u> consideration supports the transaction because the reality of the transference is thus established." (D.E. 76 at 10). The Trustee acknowledges this principle, but argues it does not apply in the context of a relative simulation, only in an absolute simulation. (D.E. 85 ¶ 29). The Trustee is wrong. In *Trident Oil & Gas Corp. v. John O. Clay Exploration, Inc.*, 622 So. 2d 1191, 1193-94 (La. App. 2d Cir. 1993), the court expressly recognized that the facts before it presented a case of relative simulation under La. Civ. Code Ann. art. 2027, but then held that no such claim would lie as the transaction was supported by consideration. In contrast to the rule stated in *Trident Oil*, the cases relied on by the Trustee address a separate section of the La. Civ. Code directed only at sales contracts containing a right

5

of redemption. (D.E. 85 ¶¶ 27-29) (citing cases addressing La. Civ. Code. Ann. art. 2569). In such cases, consideration is given, but the Code expressly reserves the right to claim a simulation. *See* La. Civ. Code. Ann. art. 2569 ("A sale with right of redemption is a simulation when the surrounding circumstances show that the true intent of the parties was to make a contract of security."). No such savings provision exists with respect to the Trustee's claims. Accordingly, the Trustee's cases are inapplicable and he has failed to state a claim for simulation.

## V. COUNT 4 FAILS TO STATE A CLAIM FOR SUBORDINATION

The Trustee's Response mistakes Count 4 as being one for breach of fiduciary duty, which is, in fact, Count V, and fails to ever address the claim for subordination. (D.E. 85 at 14.) As such, Count 4 fails for all the reasons stated in the Motion.

## VI. COUNTS 5-7 FAIL TO STATE FIDUCIARY DUTY CLAIMS.

### a. Louisiana Law Does Not Apply.

The Trustee argues that Louisiana law applies because the Amended Complaint alleges that the Individual Defendants were officers of "Gulf Fleet" and then, as the Amended Complaint consistently does, lumps every single Gulf Fleet entity, including those formed in Louisiana, into one monolithic term. (D.E. 85 ¶ 30). In reality, the Amended Complaint only alleges that the Individual Defendants are officers or directors of Gulf Fleet Holdings, Inc. – a Delaware corporation. (D.E. 54 ¶¶ 17-19). The Trustee also includes a chart of several Gulf Fleet entities purporting to show their formation in Louisiana. (D.E. 85 ¶ 30). But the only notable point about such chart is that not one of the entities listed as being formed in Louisiana is

6

the subject of a single substantive allegation in the Amended Complaint. Accordingly, only Delaware law applies to the Trustee's fiduciary duty claims.

### b. The Trustee Failed to Allege Fiduciary Duties or a Breach of such Duties.

In the Response, the Trustee claims for the first time that "HIG and the HIG Employees" owed fiduciary duties to Gulf Fleet's creditors because Gulf Fleet was insolvent. (D.E. 85 ¶ 33). That, however, is not what the Trustee alleged in the Amended Complaint. Rather, the Trustee specifically alleged that the Defendants owed fiduciary duties to Gulf Fleet's creditors "when the company was in the zone of insolvency." (D.E. 54 ¶ 109, 110) (emphasis added). Because Delaware courts have expressly rejected the "zone of insolvency" theory, the Trustee failed to allege the existence of a fiduciary duty. (D.E. 76 at 12). Further, the Trustee now argues that "HIG" owed fiduciary duties to Gulf Fleet because "HIG was the controlling shareholder of Gulf Fleet Holdings, Inc. and all of the Gulf Fleet subsidiaries during the relevant period." (D.E. 85 ¶ 32). The Amended Complaint, however, contradicts this claim. The Amended Complaint shows on its face that Gulf Fleet Acquisition ("GFA") – not "HIG" – was the majority shareholder of Gulf Fleet Holdings, Inc. ("GFH"). (D.E. 54 ¶ 10). The Trustee has cited no authority for the dangerous proposition that the alleged shareholder (*e.g.*, "HIG") of a corporation (*e.g.*, GFA) that holds the shares of another corporation (*e.g.*, GFH) that holds the shares of other corporations (*e.g.*, Gulf Fleet) owes fiduciary duties throughout the entire corporate structure.

Finally, the Trustee fails to address his lack of factual allegations with regard to the alleged breaches of fiduciary duties. Indeed, rather than provide any insight as to which of the thirteen bullet-pointed transactions each of the defendants is alleged to have participated in, in

7

what manner the particular defendant participated, how or why the alleged transaction constitutes a breach, or when the alleged transaction occurred, the Trustee simply asserts as follows:

> All of the HIG Subsidiaries in the chain were controlling shareholders, all owed fiduciary duties, and all violated fiduciary duties when engaging in transactions that benefitted HIG. Similarly, as alleged, the HIG Employees acted on HIG's behalf to permit HIG to engage in self-dealing with Gulf Fleet (see list of bullet points in Amended Complaint)....<u>There is no confusion or lumping in these allegations.</u>

(D.E. 85 ¶ 36) (emphasis added). The Trustee's editorial aside, it is hard to imagine more "confusion or lumping" than that contained in such explanation or in the Amended Complaint.

## VII. COUNT 8 FAILS TO STATE A DELICTUAL ACTION OR CONVERSION.

It is axiomatic that conversion claims, and likewise delictual actions, require the existence of a specific moveable or chattel and will not lie for the mere repayment of money. (D.E. 76 at 13.) The Trustee seeks to avoid this well-known rule by arguing that cash is a "moveable" under Louisiana law. But the case relied on by the Trustee, *Succession of Miller*, 405 So. 2d 812, 813 (La. 1981), recognizes only that money in an account is an "<u>incorporeal</u> moveable" that cannot be passed inter vivos by manual gift. (emphasis added). *Miller* did not arise in the context of a delictual action and the "incorporeal" description of a bank account only supports that a delictual action would not lie to recover such funds. *Id.* The Trustee's citation to *Chrysler Credit Corp. v. Perry Chrysler Plymouth, Inc.*, 783 F.2d 480 (5th Cir. 1986), is also to no avail. In *Chrysler*, the Court specifically noted that the funds at issue were to be kept separate from all other funds. *Id.* ("The documents...provided categorically that any proceeds from the sale of the vehicles covered by the floor plan mortgage must be kept separate."). Such is not the

8

case with the Trustee's claims to recover unidentifiable funds allegedly paid to defendants from several entities as a result of multiple transactions. Thus, the Trustee has failed to state a claim.

## VIII. COUNTS 9 AND 10 FAIL TO STATE CLAIMS FOR EQUITABLE RELIEF.

The Trustee argues that Count 9 states claims for unjust enrichment "in the alternative" and therefore need not allege the absence of a remedy at law. (D.E. 85 ¶¶ 42-43). The Trustee, however, offers no authority for the absurd proposition that an "alternative claim" need not allege the essential elements of the cause of action. Further, an alternative claim for unjust enrichment does not exist where the Amended Complaint shows on its face that the transactions at issue are governed by a contract. *Garber v. Badon & Ranier*, 981 So. 2d 92, 100, 107 (La. App. 3d Cir. 2008) (affirming dismissal because a "*potential* claim constitutes a practical remedy at law" and thus it is the "existence of other causes of action," including "the *existence* of a claim on an express or implied contract" that precludes application of the unjust enrichment theory) (emphasis supplied).

Acknowledging the deficiencies in his attempt to allege quantum meruit, the Trustee now argues that Count 10 is actually some amorphous right to recover "general equitable relief in quasi-contract and principles of equity" under various state laws. (*Id.* ¶ 44-45). But if the Trustee cannot decipher what claim he is trying to allege, there is no way for the Defendants to do so. Accordingly, Count 10 fails to state a claim.

9

## IX. COUNTS 11 AND 12 FAIL TO STATE CLAIMS FOR PARTNERSHIP LIABILITY AND SINGLE BUSINESS ENTERPRISE.

As an initial matter, the Trustee admits that neither partnership liability nor single business enterprise is an independent cause of action. (*Id.* ¶ 52). Counts 11 and 12 therefore fail on this basis alone. In addition, the Trustee continues to improperly rely on Louisiana law, arguing that there is a distinction between the choice of law principles applied to alter ego theories on the one hand and partnership liability and single business entity theories on the other. (*Id.* ¶ 53). The Trustee's distinction, however, is without a difference. Indeed, the Trustee's own authority shows that either theory involves "piercing the corporate veil" to hold one entity responsible for the actions of others. (*Id.* ¶ 56). The Fifth Circuit has unequivocally held that the law of the state of incorporation applies to all such actions (*see* D.E. 76 at 17), and the Trustees' supposed authority to the contrary does not arise in the context of claims seeking to pass through liability or where any choice of law analysis was done by the court. (D.E. 85 ¶¶ 54-57). Accordingly, Counts 11 and 12 are governed only by Delaware law and fail to state a claim.

## CONCLUSION

For the foregoing reasons, Defendants, H.I.G. Capital, LLC, H.I.G. Gulf Fleet Acquisition, LLC, H.I.G. GP-II, Inc., H.I.G. Capital Partners IV, L.P., H.I.G. Advisors IV, LLC., Gulf Fleet Tiger Holdings, Inc., Gulf Fleet Tiger Acquisition, LLC, Gulf Fleet Financing, LLC, and Anthony Tamer, Jeff Zanarini, and Jonathon Fox, respectfully request that this Court enter an Order dismissing the Trustee's First Amended Complaint-in-Intervention in its entirety, and granting such other relief as the Court deems just and proper.

10

Respectfully submitted,

LABORDE & NEUNER


By: /s/ Jed M. Mestayer
    Frank X. Neuner, Jr. - #07674
    Jed M. Mestayer - #19042
    LABORDE & NEUNER
    One Petroleum Center, Suite 200
    1001 West Pinhook Road
    Lafayette, Louisiana 70503
    Telephone: 337/237-7000
    Fax: 337/233-9450


*Attorneys for H.I.G. Capital, LLC, H.I.G. Gulf Fleet Acquisition, LLC, H.I.G. GP-II, Inc., H.I.G. Capital Partners IV, L.P., H.I.G. Advisors IV, LLC., Gulf Fleet Tiger Holdings, Inc., Gulf Fleet Tiger Acquisition, LLC, Gulf Fleet Financing, LLC, Anthony Tamer, Jeff Zanarini, and Jonathon Fox*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13th, 2012, a copy of the above and foregoing Reply in Support of Motion to Dismiss First Amended Complaint-In-Intervention was filed with the Clerk of Court using the Court's CM/ECF system. Notice of this filing will be sent to all known counsel of record by operation of the Court's electronic filing system, via U.S. Mail to the following:

Timothy Madden
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Avenue 45th Floor
New Orleans, LA 70170

Mr. Hugh M. Ray, III
McKook Smith P.C.
600 Travis, Suite 7000
Houston, Texas 77002

Louis M. Phillips
Gordon, Arata, McCollam, Duplantis & Eagan, LLC
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916

Peter S. Koeppel
Koeppel Traylor, LLC
2030 St. Charles Avenue
New Orleans, LA 70130

Andrew L. Marguilis
Ropers, Majeski, Kohn & Bentley PC
750 Third Avenue, 25th Floor
New York, NY 10017

/s/ Jed M. Mestayer
COUNSEL