**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **CASE NO. 10-50713** |
| **GULF FLEET HOLDINGS, INC., et al.** | § | **CHAPTER 11** |
| **DEBTORS** | § | **(Jointly Administered w/ Case Nos. 10-50714, 10-50715, 10-50716, 10-50717, 10-50718, 10-50719, 10-50720, 10-50721, 10-50722, 10-50723, 10-5042)** |
| **ALAN H. GOODMAN, TRUSTEE (Plaintiff-in-Intervention)** | § | |
| | § | **ADVERSARY NO. 11-05006** |
| **VS.** | § | |
| **H.I.G. CAPITAL, LLC, H.I.G. GULF FLEET ACQUISITION, LLC, H.I.G. GP-II, INC., H.I.G. CAPITAL PARTNERS IV, L.P., H.I.G. ADVISORS IV, L.L.C, GULF FLEET FINANCING, LLC, GULF FLEET TIGER ACQUISITION, LLC, GULF FLEET TIGER HOLDINGS, INC., ANTHONY TAMER, JEFF ZANARINI, JONATHAN FOX, STEADFAST INSURANCE COMPANY, AND PACIFIC INSURANCE COMPANY LIMITED (Defendants-in-Intervention)** | § | **JURY TRIAL REQUESTED** |

**FIRST SUPPLEMENT TO SECOND AMENDED COMPLAINT-IN-INTERVENTION**

221. The Trustee incorporates each of the allegations from the Second Amended Complaint-in-Intervention by reference as if set forth fully herein.

## I. JURISDICTION

222. The District Court has jurisdiction over the Defendant below because it is licensed to do business in the state of Louisiana and the injury occurred in the Western District of Louisiana.

## II. NEW PARTY

223. Pacific Insurance Company Limited ("Pacific"). Pacific is, on information and belief, a Connecticut corporation, with its principal place of business outside of Louisiana, which issued an insurance policy to Defendant H.I.G. Capital LLC. Pacific can be served via Fed. R. Bankr. P. 7004 via U.S. first class mail and/or La. R.S. § 22:335 by service through the Louisiana Secretary of State. In accordance therewith, the Supplement to the Second Amended Complaint-in-Intervention, the Second Amended Complaint-in-Intervention, and a Summons will be mailed to Pacific at its principal place of business by U.S. first class mail at One Hartford Plaza, Hartford, Connecticut 06155 or The Hartford, Compliance Department, Hartford Financial Products, 2 Park Avenue, 5th Floor, New York, New York 10016.

## III. ADDITIONAL CLAIM

**COUNT 22: DIRECT ACTION AGAINST PACIFIC INSURANCE COMPANY, LIMITED (INSURANCE)**

224. The Trustee incorporates each of the above allegations and the allegations in the Second Amended Complaint-in-Intervention by reference as if set forth fully herein.

225. Defendant Pacific issued Private Equity Fund and Management Liability Policies, which were effective from February 20, 2010 up to and through February 20, 2011 (Policy No. 00 DB 0255778-10) and from March 20, 2011 up to and through March 20, 2012 (Policy No. 00 DB 025778-11) (collectively, the "Policy").[1] This Policy provides coverage for monetary damages or injuries arising from the claims set forth herein. Pacific was on information and belief made aware and put on notice of the claims set forth herein during the coverage period.

---

[1] Policy No. 00 DB 0255778-10 on its face was effective up to and through February 20, 2011. On information and belief, any claims between February 20 and March 20, 2011 were covered by the policy discovery period. Policy No. 00 DB 025778-11 on its face was effective from March 20, 2011 up to and through March 20, 2012. On information and belief, any claims between March 20, 2012 and the effective date of any subsequent policy were covered by the policy optional extension period. The coverage under Policy No. 00 DB 025779-11 does not differ in any material way from the coverage under Policy No. 00 DB 0255778-10

226. The Policy provides coverage for Zanarini, Fox, and Tamer and HIG Capital, HIG GFA, HIG GP-II, HIG Capital Partners, HIG Advisors, GF Financing, GF Tiger Acquisition, and Gulf Fleet Tiger Holdings for claims "arising from the rendering of or failure to render **Professional Services**" which is defined in endorsement number 2 to the Policy as "any management, consulting, monitoring, investment, administrative, financial, advisory or other activities performed by [HIG Capital, its affiliates, and its investment funds], directly or indirectly, on behalf of or for the benefit of [the Debtors]."

227. The Policy provides coverage for Zanarini, Fox, and Tamer's breaches of their duties to the Debtors as enumerated in endorsement number 24 of the policy.

228. Defendant Pacific is required to pay those persons who have been injured by Zanarini, Fox, and Tamer's breaches of their duties and by HIG Capital, HIG GFA, HIG GP-II, HIG Capital Partners, HIG Advisors, GF Financing, GF Tiger Acquisition, and Gulf Fleet Tiger Holdings as set forth in the Second Amended Complaint-in-Intervention. As the representative of the creditors, the Trustee is the proper person to receive recovery under the Policy. The Trustee is not an insured person as that term is defined in the Policy.

229. Pursuant to La. R.S. § 22:1269 Defendant Pacific is directly liable to the Trust for the acts and claims, in excess of any coverage by Steadfast, detailed herein that Zanarini, Fox, and Tamer committed and is directly liable to the Trust for the acts and claims detailed herein that HIG Capital, HIG GFA, HIG GP-II, HIG Capital Partners, HIG Advisors, GF Financing, GF Tiger Acquisition, and Gulf Fleet Tiger Holdings committed.

WHEREFORE, PREMISES CONSIDERED, the Trustee prays that Pacific Insurance Company Ltd. be cited to appear and answer, and that this Court permit the Trustee to recover from Pacific as permitted by the Policy, and for such other relief as may be warranted at law or in equity.

DATED: November 20, 2014.

Respectfully submitted,

McKOOL SMITH, P.C.

By: *\/s/ Hugh M. Ray, III*

HUGH M. RAY, III
State Bar No. 24004246
CHRISTOPHER D. JOHNSON
State Bar No. 24012913
BLAKE H. BAILEY
State Bar No. 24069329
H. JUSTIN PACE
State Bar No. 24083610
600 Travis, Suite 7000
Houston, Texas 77002
Telephone: (713) 485-7300
Facsimile: (713) 485-7344

ATTORNEYS FOR ALAN GOODMAN,
LIQUIDATING TRUSTEE